UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELINDA JACKSON, : Case No. 1:05-cv-325

Plaintiff, : Spiegel, J.
Black, M.J.

vs.

UNITED DAIRY FARMERS,

Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT LARRY HORNSBY'S MOTION TO DISMISS (Doc. 11) BE CONSTRUED AS UNOPPOSED AND GRANTED; AND (2) THIS MATTER GO FORWARD ON PLAINTIFF'S CLAIMS UNDER THE FMLA AND UNDER TITLE VII AGAINST DEFENDANT UNITED DAIRY FARMERS**

Plaintiff initiated this action by filing a *pro se* complaint alleging discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 *et seq*., and a denial of rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. (*See* Doc. 2.) Plaintiff named her former employer, United Dairy Farmers ("UDF"), and eight individuals as defendants. (*Id.*)

On June 8, 2005, defendant Larry Hornsby and the seven other individual defendants filed a motion to dismiss plaintiff's Title VII claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 11.) Because plaintiff did not file a timely response to the motion to

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

dismiss, the Court issued an Order directing her to show cause why the motion should not be construed as unopposed and granted. (*See* Doc. 14.) Subsequently the Court was notified that plaintiff had obtained representation. (*See* Doc. 15.) The order to show cause was lifted, and plaintiff's counsel was directed to file a response to the motion to dismiss on or before November 14, 2005. (*See* Doc. 16.)

On November 15, 2005, the parties filed a joint notice under Fed. R. Civ. P. 41(a)(1)(ii) stipulating that plaintiff's claims under Title VII against seven of the individual defendants were dismissed with prejudice. (Doc. 18.) The notice of dismissal did not specify claims against defendant Larry Hornsby. (*See id.*)

Because no response to the motion to dismiss has been filed, and because defendant Hornsby was not identified in the notice of dismissal, and with all parties' consent, it is recommended that the motion to dismiss be construed as unopposed with respect to Hornsby and granted for the reasons stated in the motion.

It is well established that an individual employee or supervisor who does not otherwise qualify as an "employer" may not be held personally liable under Title VII. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir.), *cert. denied*, 531 U.S. 1052 (2000); *Dunnom v. Bennett*, 290 F. Supp. 2d 860, 873 (S.D. Ohio 2003). Plaintiff does not claim and did not allege any facts to show that defendant Hornsby otherwise qualifies as an employer.

It is also well established that "a party must be *named* in the EEOC charge before

that party may be sued under Title VII." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987 (*per curiam*) (italics original). Plaintiff did not name defendant Hornsby in her EEOC charge. (*See* Doc. 2 at 5.)

Further, the parties' counsel have confirmed to the undersigned that the parties intend to have all claims against all eight individual defendants dismissed.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The motion to dismiss plaintiff's claims against defendant Hornsby (Doc. 11) be construed as unopposed and **GRANTED**; and
2. This matter go forward on plaintiff's claims under FMLA and Title VII against defendant UDF (only).

Date: 1/10/06

s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELINDA JACKSON, | : | Case No. 1:05-cv-325 |
| Plaintiff, | : | Spiegel, J.<br>Black, M.J. |
| | : | |
| vs. | : | |
| UNITED DAIRY FARMERS, *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).