UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELINDA JACKSON,                :        Case No. 1:05-cv-325
                                :
            Plaintiff,          :        Spiegel, J.
vs.                             :        Black, M.J.
                                :
UNITED DAIRY FARMERS,           :
                                :
            Defendant.          :


**REPORT AND RECOMMENDATION[1] THAT DEFENDANT UNITED DAIRY
FARMERS' MOTION FOR SUMMARY JUDGMENT (Doc. 35) BE DENIED**

This employment discrimination action is before the Court on a motion for

summary judgment by Defendant United Dairy Farmers.  (Doc. 35.)  For the reasons that

follow, the motion for summary judgment should be denied.

I.        BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a *pro se* complaint against her former

employer, Defendant United Dairy Farmers ("UDF" or "employer"), and eight

individuals alleging discrimination based on race in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*, and interference with her rights under

the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*  (Doc. 1.)

Subsequently, claims against seven of the individual defendants were dismissed pursuant

to Fed. R. Civ. P. 41(a)(1)(ii).  (*See* Doc. 18.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

On February 7, 2006, the Court issued an Order granting a motion to dismiss the remaining individual defendant and directing that this case should go forward as against UDF on Plaintiff's claims under Title VII and the FMLA.  (Doc. 21.)

On June 26, 2006, by counsel and with leave of Court (*see* Doc. 21), Plaintiff filed an amended complaint clarifying her claims of discrimination and retaliation under the FMLA.  (Doc. 27.)

In Counts I and II of the amended complaint, Plaintiff alleges that she is an African-American, that she was treated differently from similarly situated Caucasian employees, and that her employment was terminated on the basis of race in violation of federal and state law.  (*Id.* at pp. 3-4.)  In Count III , Plaintiff alleges that she exercised her rights under the FMLA by taking intermittent protected leave to care for her son, and that her employment was terminated in retaliation for her using protected FMLA leave. (*Id.* at pp. 4-5.)

On January 16, 2007, UDF filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c).  (Doc. 35.)  UDF contends that it is entitled to judgment as a matter of law because: (1) Plaintiff cannot make a *prima facie* showing of discrimination based on race; (2) the she cannot rebut the legitimate non-discriminatory reasons given for the termination of her employment; and (3) the termination was not related to her desire to exercise her rights under the FMLA.

In response, Plaintiff contends that genuine issues of material fact exist and that summary judgment is not warranted.

II.     STANDARD OF REVIEW

Summary judgment is proper if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action. *Anderson*, 477 U.S. at 248.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)..

III.    DISCUSSION

A.      Discrimination Based on Race

Plaintiff alleges racial discrimination in violation of both federal law, Title VII of the Civil Rights Act of 1964, and state law, Ohio Rev. Code Ann. § 4112.02.  (*See* Doc. 27.)  Because evidentiary standards and burdens of proof applicable to a claimed violation of Title VII are equally applicable to cases arising under § 4112.02, Plaintiff's claims may be considered together.  *See Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004), *cert. denied*, 126 S. Ct. 353 (2005).

To prevail on a claim of discrimination, Plaintiff must establish a *prima facie* case

-3-

by showing: (1) that she was in a protected class; (2) that she was qualified for the job that she held during the time in question; (3) that she suffered an adverse employment action; and (4) that she was treated differently than similarly-situated individuals who were not members of her protected class. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992); *see also Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 n.6 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

If the plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action taken. *See Burdine*, 450 U.S. at 253. If the defendant is able to meet this burden, the plaintiff is then required to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were a pretext for discrimination. *Id.* A plaintiff can demonstrate pretext by showing that the proffered reason: (1) had no basis in fact; or (2) was insufficient motivation for the employment action; or (3) did not actually motivate the adverse employment action. *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-06 (6th Cir. 1998); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

Defendant argues that Plaintiff was not qualified for her position because she was unable to comply with its attendance policies. (*See* Doc. 36, Ex. B, at p. 5.) Alternatively, UDF argues that Plaintiff cannot show that the stated reason for the termination, the alleged violations of the attendance policy, is pretextual.

In opposition to UDF's argument, Plaintiff points to inconsistencies in the factual record creating issues of fact as to how the attendance policies were interpreted and

applied by various managers under whom Plaintiff worked (*see* Doc. 36 at pp. 4-5); whether the termination was based on documented or undocumented absences (*see id.* at p. 7); whether abrupt changes were made to her work schedule of which she had no notice resulting in an absence from work in violation of UDF's policies (*see id.*).

Plaintiff also points to evidence of bias as revealed in racially-based epithets.  (*See*, *e.g.*, id. at p. 3,  "black people are lazy.")

Courts have recognized that summary judgment is rarely appropriate when motivation, intent or state of mind of the employer is at issue, as here.  *See Ross v. Campbell Soup Co.*, 237 F.3d 701, 706 (6th Cir. 2001).

When viewed in a light favorable to Plaintiff, the nonmovant, the evidence is sufficient to create genuine issues of material fact as to whether or not she suffered discrimination based on race and whether or not the reasons given for her discharge are pretextual.

Accordingly, Defendant is not entitled to summary judgment with respect to Plaintiff's race discrimination claims.

B.    Retaliation for exercising FMLA rights

Defendant UDF also contends that it is entitled to summary judgment on Plaintiff's claim of retaliation under the FMLA.

The  FMLA prohibits employers from retaliating against employees for the exercise of rights provided by the Act.  *See* 29 U.S.C. § 2615(a)(1).  The rights provided by the FMLA include a right to leave from employment in order to care for a family

-5-

member with a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(C).

To make out a *prima facie* case of retaliation, a plaintiff must show that she exercised a right protected by the Act, that she was adversely affected by an employment decision, and that proximity in time suggests a causal connection between the exercise of the protected right and the adverse employment decision. *See Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). Proximity in time between a request for FMLA-protected leave and discharge may provide sufficient evidence of a causal connection for purposes of establishing a *prima facie* case of retaliation. *Id.*

If a plaintiff succeeds in making a *prima facie* showing of retaliation, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for its action. *Id.* at 315-16. The burden then shifts back to the plaintiff to show that reason given was pretextual. *See id.* at 315; *Gibson v. City of Louisville*, 336 F.3d 511, 513 (6th Cir. 2003); *see also Manzer*, 29 F.3d at 1084.

Plaintiff in the present action has presented evidence that, when viewed a light favorable to her, is sufficient to establish a *prima facie* case of retaliation. She presented evidence to show that she took leave from her employment to care for her son, who had been diagnosed with a serious medical condition, and that she was subsequently discharged from her employment by UDF. (*See, e.g.*, Doc. 36, "Affidavit of Melinda Jackson.").

Defendant contends that it terminated Plaintiff's employment not only because she repeatedly violated its attendance policies but also because her absences were unrelated to

-6-

to her desire to exercise protected leave.

In opposition, Plaintiff presented evidence that she made requests for FMLA certification forms (for which she had to wait at least a year) and, when threatened with termination based on attendance, submitted documentation to show that she had taken her son for emergency for his acute asthma.  (*See* Doc. 36 at pp. 5-6.)  She also showed that her personnel file contained references to her son's hospitalization and need for breathing equipment.  (*See id.*)   In short, she has presented sufficient evidence to create a genuine issue of fact as to whether the termination was related to protected leave and whether the reasons given by UDF were pretextual.

IV.    CONCLUSION

For the reasons stated above, Defendant has failed to establish the absence of genuine issues of fact and that it is entitled to summary judgment as a matter of law.

Therefore, **IT IS RECOMMENDED** that the motion for summary judgment (Doc. 35) be **DENIED**.


Date:  9/24/07                                   s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELINDA JACKSON, | : | Case No. 1:05-cv-325 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| vs. | : | Black, M.J. |
| | : | |
| UNITED DAIRY FARMERS, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-8-