UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELINDA JACKSON,          :
                             :      NO. 1:05-CV-00325
        Plaintiff,    :
                             :
   v.                 :
                             :      **OPINION AND ORDER**
UNITED DAIRY FARMERS,    :
                             :
        Defendant.    :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 41), Defendant's Objections (doc. 44), and Plaintiff's Response (doc. 45).  For the reasons indicated herein, the Court adopts and affirms the Magistrate Judge's Report and Recommendation in all respects, and thus, denies Defendant's Motion for Summary Judgment.

**I.  Background**

Plaintiff brought this action pro se on May 6, 2005, alleging claims against her former employer, United Dairy Farmers ("UDF"), as well as eight individuals, for Title VII race discrimination, 42 U.S.C. § 2000e-5 et seq., and for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (doc. 2).  Plaintiff later dismissed her claims against seven of the individuals (doc. 18), and later still, the Court dismissed the final individual Defendant (doc. 21) so that the only remaining Defendant is UDF.

On June 26, 2006, Plaintiff filed an Amended Complaint

clarifying her claims of discrimination and retaliation under the FMLA (doc. 27). In Counts I and II of the Amended Complaint, Plaintiff alleges she is an African-American, she was treated differently from similarly-situated Caucasian employees, and that her employment was terminated on the basis of race in violation of federal and state law (Id.).  In Count III, Plaintiff alleges that she exercised her rights under FMLA by taking intermittent protected leave to care for her son, and that her employment was terminated in retaliation for her using protected FMLA leave (Id.).

Defendant UDF challenges Plaintiff's action, arguing it is entitled to judgment as a matter of law because:(1) Plaintiff cannot make a prima facie showing of discrimination based on race; (2) that she cannot rebut the legitimate non-discriminatory reasons given for the termination of her employment; and (3) the termination was not related to her desire to exercise her rights under the FMLA (doc. 35).  Specifically, Defendant states Plaintiff had attendance problems such that its action in terminating her employment was justified.  In response, Plaintiff contends that genuine issues of material fact exist as to how attendance policies were applied, and that Defendant made abrupt changes to her work schedule, without notice, which resulted in her absence.

II.  **The Magistrate Judge's Report and Recommendation**

A.  **Race Discrimination Claims**

The Magistrate Judge considered Plaintiff's racial

discrimination claims under both state and federal law together because the same evidentiary standards and burden of proof are applicable to both claims (doc. 41, citing Noble v. Brinker Int'l, Inc., 391 F.3d 715, 720 (6th Cir. 2004), cert. denied, 126 S. Ct. 353 (2005)).   The Magistrate Judge reported that in order to succeed in claim of racial discrimination, the Plaintiff must make a prima facie showing that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) she was treated different from similarly situated persons, who were not members of the protected class.   (Id. citing Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir. 1992); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 n. 6 (1981); McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802 (1973)).   Plaintiff may also establish a prima facie case by showing that Defendant treated her less favorably than similarly-situated individuals outside the protected class (Id. citing McDonnell Douglas, 411 U.S. at 802).   S h o u l d Plaintiff prevail in establishing her prima facie case, the burden shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the employment action taken (Id. citing Burdine, 450 U.S. at 253).   Then, if Defendant succeeds in meeting this burden, the Plaintiff must show, by a preponderance of evidence, that Defendant's proffered reasons for its actions were in fact pretextual (Id.).   The Plaintiff can prove pretext by

3

showing the Defendant's reason: (1) had no basis in fact; or (2)
was inadequate motivation for the adverse employment action; or (3)
was not the motivation behind the adverse employment action (See,
Smith v. Chrysler Corp., 155 F.3d 799, 805-06 (6th Cir. 1998);
Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir.
1994).

The Magistrate Judge noted that the Defendant argued
Plaintiff was unqualified for her position because she failed to
comply with attendance policies; and alternatively that Plaintiff
failed to demonstrate Defendant's proffered reason was pretext
(Id.).    However, the Magistrate Judge, viewing the record most
favorably to the non-moving party, found the evidence created a
genuine issue of material fact as to whether Plaintiff had suffered
discrimination based on race and whether or not the reasons given
for her discharge were pretextual (Id.).    Specifically, the
Magistrate   Judge   observed   that   Plaintiff   pointed   out
inconsistencies in the record regarding how Defendant's attendance
policies  were  interpreted  and  applied  by  different  managers;
whether  Plaintiff's  termination  was  based  upon  documented  or
undocumented absences; and whether changes were made to Plaintiff's
work schedule without affording her notice (Id.).

In addition, Plaintiff also made reference to racially-
charged comments made to her by her supervisors (doc. 36).    The
Magistrate Judge noted that where an employer's motivation, intent

or state of mind is at issue, summary judgment is not appropriate (<u>Id</u>. <u>citing</u> <u>Ross v. Campbell Soup Co.</u>, 237 F.3d 701, 706 (6th Cir. 2001)).  Accordingly, the Magistrate Judge concluded that Defendant is not entitled to summary judgment on Plaintiff's race discrimination claims (<u>Id</u>.).

   **B.   Family Medical Leave Act Claim**

      As for Count three of Plaintiff's Complaint, for FMLA retaliation, the Magistrate Judge similarly rejected Defendant's argument that it is entitled to summary judgment (doc. 41).  The Magistrate Judge reported that employers are prohibited from retaliating against employees for exercising their rights under the FMLA, such as for caring for a family member with a serious health condition (<u>Id</u>. <u>citing</u> 29 U.S.C. § 2615(a)(1)).  In order to establish a <u>prima</u> <u>facie</u> case for retaliation, the Magistrate Judge reported, Plaintiff must show that: (1) she exercised a right protected by the FMLA; (2) she suffered an adverse employment action; and (3) there is causal connection based on proximity of time between her exercise of the right and the adverse action (<u>Id</u>. <u>citing</u> <u>Skrjanc v. Great Lakes Power Serv. Co.</u>, 272 F.3d 309, 314 (6th Cir. 2001)).  Similarly to the race claims, if the Plaintiff succeeds in making her <u>prima</u> <u>facie</u> case, the burden then shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action (<u>Id</u>.).  Should the Defendant carry its burden, Plaintiff can survive summary judgment by showing that

5

Defendant's reason was merely pretextual (Id.)

In the instant case, the Magistrate Judge found Plaintiff has presented evidence, when viewed in a light most favorable to her, which is sufficient to make a prima facie case of retaliation (Id.).  Specifically, the Magistrate Judge noted that Plaintiff demonstrated she took leave from her employment to care for her son, who was diagnosed with a serious medical condition and soon after, Defendant discharged her (Id.).

Defendant argues, as above, that its basis for Plaintiff's termination was her failure to adhere to attendance policies, which were not related to leave exercised pursuant to the FMLA (Id.).  However, the Magistrate Judge found that Plaintiff's evidence showed she had made repeated requests for FMLA certification forms (Id.).  Indeed, upon learning of her threatened termination because of attendance, Plaintiff proffered documentation showing she had taken her son to the emergency room for his acute asthma, and her employment file contained further documentation regarding her son's hospitalizations and his need for breathing aids (Id.).  Under these facts, the Magistrate Judge concluded Plaintiff has shown sufficient evidence to create a genuine issue of material fact as to her claims of retaliation pursuant to the FMLA and that Defendant's reason for termination was pretextual (Id.).  Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment as to

Plaintiff's retaliation claim also be denied (Id.).

## III.  Defendant's Objections

Defendant argues the Magistrate Judge plainly errs in ignoring that Plaintiff received eleven disciplinary warnings related to attendance problems, which ultimately led to her termination (doc. 44).  Defendant further argues that the reason Plaintiff offered for violating its attendance policies was "babysitting issues," which is not conduct protected by the FMLA (Id.).  Finally, Defendant argues the Magistrate Judge erred in relying upon Plaintiff's allegations of inconsistent application of its attendance policies, alleged racial epithets, and on an incident regarding request for leave four years prior to her termination (Id.).  Defendant argues that even if all of these allegations were true, they are unrelated to the decision to terminate Plaintiff based on eleven attendance violations (Id.). In conclusion, Defendant argue it would be unfair to burden its other employees with the necessity to accommodate Plaintiff's unreliable attendance (Id.).

## IV.  Plaintiff's Response to Defendant's Objections

Plaintiff argues the Magistrate Judge properly considered the evidence and did not plainly err in concluding that a reasonable jury could conclude the reason for her termination was not attendance issues (doc. 45).  Plaintiff essentially argues that Defendant argues for a one-sided view of the evidence, to the

7

exclusion of evidence that she took leave to take care of her sick son, and that she had made repeated requests for FMLA forms (<u>Id</u>.). Plaintiff argues the Magistrate Judge properly drew all reasonable factual inferences in her favor, in arriving at his conclusion that summary judgment should be denied (<u>Id</u>.).

Plaintiff next argues the Magistrate Judge properly concluded that a reasonable jury could find pretextual Defendant's articulated reason for her termination (<u>Id</u>.).  Plaintiff argues evidence in the record showed Defendant had a history of discouraging the use of FMLA leave, that it admitted she was a good employee, and that Defendant has shifted in its assertions of who made the termination decision (<u>Id</u>.).  This evidence, combined with the undisputed evidence that Plaintiff was replaced with a Caucasian, she argues, is sufficient to establish pretext with respect to her race claim (<u>Id</u>.).

Finally, Plaintiff argues Defendant's "fairness" objection, in relation to other employees, is meritless (<u>Id</u>.). Plaintiff argues whether Defendant's treatment of Plaintiff was fair is a question for a jury to decide (<u>Id</u>.).

**V.  Discussion**

Having reviewed this matter, <u>de</u> <u>novo</u>, the Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects.  At the summary judgment stage, the evidence must be viewed in a light most favorable to the nonmovant, in this case the

Plaintiff, and such a view of the evidence here militates against Defendant's position.  The Court finds, based on the Magistrate Judge's thorough review of the evidence, that there are genuine issues of material fact as to whether Plaintiff was discriminated against because of her race, and whether Defendant's reason behind her termination was pretextual.  The evidence shows Plaintiff has established both her race and FMLA retaliation <u>prima</u> <u>facie</u> cases, and that she has proffered adequate evidence to show a reasonable jury that attendance issues were not the motivation behind her termination.

## VI.  Conclusion

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 41), and DENIES Defendant's Motion for Summary Judgment (doc. 35)


SO ORDERED.

Date May 20, 2008          /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge